IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSHUA ADAM KEEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:22cv00102 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SVRJA, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

_____

Plaintiff Joshua Adam Keen, a Virginia inmate proceeding *pro se,* filed this civil action

under 42 U.S.C. § 1983, against the Southwest Virginia Regional Jail Authority ("Jail

Authority"), Oasis Commissary, and staff at the Jail Authority's Duffield, Virginia facility

("Duffield").[1] Keen requests leave to proceed *in forma pauperis* with this action. Having

reviewed Keen's request and second amended complaint, the court grants his request to

proceed *in forma pauperis* but concludes that Keen has failed to state a cognizable federal claim

against the named defendants. Therefore, the court will dismiss Keen's second amended

complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

After the court advised Keen that his original and first amended complaints failed to

state any cognizable claim against the defendants (*see* ECF Nos. 8 and 17), Keen filed a second

amended complaint (ECF No. 19) at the court's direction. The second amended complaint is

_____

[1] By conditional filing order entered May 11, 2022, the court advised Keen that his amended complaint failed
to state a claim against the named defendants and directed him to file a second amended complaint. (*See* ECF
No. 17.) The court advised Keen that his second amended complaint would replace all prior complaints and
would constitute the sole complaint in this action. (*Id.*) Accordingly, Keen's second amended complaint (ECF
No. 19) is the only operative complaint.

largely disjointed and incomprehensible, but it appears that Keen alleges that the defendants seized his property, interfered with his mail, denied him access to courts, implemented and failed to enforce policies, and retaliated against him. Specifically (but without additional detail), he claims that unknown officers seized his mail, "legal papers," "evidence," and drawings during a shakedown; that a defendant officer opened, held, forwarded, and returned his legal mail and opened his outgoing mail; that three defendant officers denied him legal forms and access to a lawyer; and that two defendant officers "evade[d]" his questions about "denying access of [*sic*] legal documents" and allowed "retaliation and policy issues to continue." (ECF No. 19 at 2.) Keen also states that Oasis Commissary took money "under false pretenses" and failed to deliver and/or held orders that were paid for. (*Id.* at 3.) He claims that a defendant officer lost an "order" or gave it to the wrong person and then refused "to fix issues by taking money falsely."[2] (*Id.*) He claims that three defendant officers retaliated against him by denying him privileges such as "jobs[,] books, [and] legal papers" and that a defendant officer refused to "properly answer inquiries, therefore denying [him his] personal property." (*Id.*) Finally, Keen argues that Steve Clear, the "CEO" of Duffield, is liable for approving and not enforcing unspecified policies, and that the Jail Authority, the "parent company" of Duffield, is liable for not "upholding" unspecified policies. (*Id.*)

---

[2] To the extent Keen alleges that any defendant violated any criminal law, any such claim is not before the court in this action.

Case 7:22-cv-00102-TTC-RSB   Document 40   Filed 02/16/23   Page 3 of 10   Pageid#: 156

**II.**

To the extent Keen alleges that the defendants seized his property, the court concludes that his allegations fail to state a cognizable § 1983 claim. Accordingly, the court will dismiss Keen's property claims under § 1915(e)(2)(B)(ii).

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. amend XIV. "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). "[T]he deprivation by state action of a constitutionally protected interest in . . . property is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 80 (4th Cir. 2016) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (cleaned up)). It is well settled that allegations of prison officials intentionally or negligently depriving an inmate of his property, do not state a due process violation "if a meaningful post-deprivation remedy for the loss is available."[3] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981).

---

[3] In *Parratt v. Taylor*, the Supreme Court held that a state official's random and unauthorized negligent act which caused the loss of a prisoner's personal property was not a violation of due process because the state provided a meaningful post-deprivation remedy. 451 U.S. at 541. Similarly, in *Hudson v. Palmer*, the Supreme Court extended *Parratt's* holding to the intentional destruction of a prisoner's property by a random and unauthorized act, so long as the state provides a meaningful post-deprivation remedy. 468 U.S. at 533. Therefore, "*Parratt* and *Hudson* established the rule that a government official's random and unauthorized act, whether intentional or negligent, which causes the loss of private property is not a violation of procedural due process when the state provides a meaningful post[-]deprivation remedy." *Yates v. Jamison*, 782 F.2d 1182, 1184–85 (4th Cir. 1986) (cleaned up).

- 3 -

Here, Keen's allegations do not establish that he was denied due process. Instead, he had two meaningful post-deprivation remedies available to him: the inmate grievance procedure and the Virginia Tort Claims Act.[4] *See Ballance v. Clarke*, No. 7:15cv645, 2017 WL 1169747, at *7 (W.D. Va. Mar. 28, 2017) (explaining that grievance procedures provided an adequate post-deprivation remedy); *Wadhams v. Procunier*, 772 F.2d 75, 77−78 (4th Cir. 1985) (VTCA and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees). As such, the court cannot conclude that the defendants violated Keen's due process rights and, therefore, will dismiss these claims under 28 U.S.C. § 1915(e)(2)(B)(ii).

**III.**

To the extent that Keen alleges that the defendants interfered with his mail, the court concludes that his allegations again fail to state a cognizable § 1983 claim. Therefore, the court will dismiss Keen's mail claims under 28 U.S.C. § 1915(e)(2)(B)(ii).

As a general matter, prisoners have the right to both send and receive mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 408 (1974). The First Amendment, as incorporated through the Fourteenth Amendment, prohibits states from "abridging the freedom of speech." U.S. CONST. AMEND. I. This extends to both government regulations that directly burden speech and those that have indirect chilling effects. *See Washington Post v. McManus*, 944 F.3d 506, 516−17 (4th Cir. 2019).

---

[4] *See* Va. Code Ann. § 8.01–195.3 ("[T]he Commonwealth shall be liable for . . . loss of property . . . caused by the negligent or wrongful act or omission of any employee while acting within the scope of his employment . . . .).

It is certainly true that opening an inmate's legal mail outside of his presence can chill protected speech.[5] *Haze v. Harrison*, 961 F.3d 654, 658 (4th Cir. 2020). But isolated incidents of mail mishandling, while not to be condoned, do not rise to the level of a constitutional violation. *See Buie v. Jones*, 717 F.2d 925, 926 (4th Cir. 1983) (A "few isolated instances of plaintiff's [legal] mail being opened out of his presence" that were "either accidental or the result of unauthorized subordinate conduct . . . were not of constitutional mandate."); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); *Gardner v. Howard*, 109 F.3d 427, 430-31 (8th Cir. 1997) (isolated, inadvertent instances of legal mail being opened outside of an inmate's presence are not actionable).

Despite multiple opportunities to amend his complaint, Keen's allegations concerning his mail are insufficient to state a cognizable § 1983 claim. Keen does not allege that his mail was opened out of his presence or that any mail interference happened with any frequency. He also does not describe any circumstances surrounding any alleged mail interference. As such, the court cannot conclude that any defendant violated Keen's constitutional rights with regard to his mail. Therefore, the court will dismiss Keen's mail claims under § 1915(e)(2)(B)(ii).

---

[5] As the Court of Appeals for the Third Circuit has explained, opening legal mail outside of an inmate's presence "strips those protected communications of their confidentiality," inhibiting the inmate's "ability to speak, protest, and complain openly, directly, and without reservation with the court." *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006) (internal quotation marks omitted); *see also Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1210 (9th Cir. 2017) ("When a prisoner received confidential legal mail that has been opened and re-sealed, he may understandably be wary of engaging in future communication about privileged matters."); *cf Wolff v. McDonnell*, 418 U.S. 539, 577 (1974) (finding that a prison's legal mail policy did not chill protected speech where it required such mail to be opened in the presence of the inmate, thus "insur[ing] that prison officials will not read the mail.").

**IV.**

To the extent that Keen alleges that the defendants denied him access to the courts, the court concludes that his allegations fail to state a cognizable § 1983 claim. Therefore, the court will dismiss Keen's access to courts claims under 28 U.S.C. § 1915(e)(2)(B)(ii).

Although inmates have a constitutional right to reasonable access to the courts, *see Lewis v. Casey*, 518 U.S. 343, 351–53 (1996); *Bounds v. Smith*, 430 U.S. 817, 838 (1977), the right of access to the court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court," *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Thus, in order to state a constitutional claim of denial of access to the courts, a plaintiff must allege specific injury resulting from the alleged denial. *See Lewis*, 518 U.S. at 349 (noting that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded); *Michau v. Charleston Co.*, 434 F.3d 725, 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library).

Here, Keen does not allege any specific "injury" as a result of the defendants' alleged denial of access to legal forms, an attorney, or the courts. Accordingly, the court concludes that Keen's allegations fail to state a claim on this basis and the court will dismiss his access to courts claims under 28 U.S.C. § 1915(e)(2)(B)(ii).

**V.**

To the extent that Keen alleges that the defendants retaliated against him, the court concludes that his allegations fail to state a cognizable § 1983 claim. Therefore, the court will dismiss Keen's retaliation claims under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is well-settled that state officials may not retaliate against an inmate for exercising his constitutional rights, including his right to access the courts. *See Am. Civ. Liberties Union v. Wicomico Cnty.,* 999 F.2d 780, 785 (4th Cir. 1993). But in order to sustain a cognizable retaliation claim under § 1983, an inmate must point to specific facts supporting his claim of retaliation. *White v. White*, 886 F.2d 271 (4th Cir. 1989). "[B]are assertions of retaliation do not establish a claim of constitutional dimension." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (federal courts should regard inmate claims of retaliation with "skepticism").

Here, Keen's allegations of retaliation are scant. He does not allege what conduct he was engaged in precipitating the alleged retaliation, and he does not describe any retaliatory motive or connection between the precipitating conduct and the alleged retaliation. Accordingly, the court finds that Keen's conclusory allegations of retaliation fail to state a claim on which relief may be granted under § 1983 and, therefore will dismiss them under 28 U.S.C. § 1915(e)(2)(B)(ii).

**VI.**

To the extent that Keen alleges that any of the defendants are liable as supervisors, the court concludes that his allegations fail to state a cognizable § 1983 claim. Therefore, the court will dismiss Keen's supervisory liability claims under 28 U.S.C. § 1915(e)(2)(B)(ii).

To establish personal liability in a § 1983 action, the plaintiff must show "'that the official charged acted personally in the deprivation of the plaintiff's rights.'" *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)); *Cook v. James*, 100 F. App'x 178, 180 (4th Cir. 2004) (citing *Wright*, 766 F.2d at 850)). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983). Rather, the "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

In order to set forth a claim for supervisory liability under § 1983, a plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"[;] and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw*, 13 F.3d at 799.

Keen has failed to allege facts that would establish any of the *Shaw* elements against any of the defendants. As to defendant Clear, he only alleged that Clear did not enforce unspecified policies and, as to defendants Hayes and Gullet, he only alleges that they "allowed" unspecified "retaliation and policy issues to continue." These vague and conclusory assertions

are insufficient to state a claim for supervisory liability and, thus, the court will dismiss Keen's supervisory liability claims under 28 U.S.C. § 1915(e)(2)(B)(ii).

## VII.

Finally, to the extent that Keen seeks to pursue this action against the Jail Authority, his allegations once again fail to state a claim. Therefore, the court will dismiss the claims against the Jail Authority under 28 U.S.C. § 1915(e)(2)(B)(ii).

"Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985).

Despite being given multiple opportunities to amend his complaint, Keen does not explain how any of the Jail Authority's official policies or customs was responsible for the violations or injuries he allegedly suffered. He does not even identify which policies he takes issue with. Accordingly, the court cannot find that Keen's allegations state a viable § 1983 claim against the Jail Authority and will dismiss these claims under § 1915(e)(2)(B)(ii).

## VIII.

Despite being given the opportunity to amend his complaint twice, Keen fails to allege sufficient facts against the defendants to state a viable § 1983 claim. Accordingly, the court

- 9 -

will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Keen.

**ENTERED** this 16th day of February, 2023.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE